Thurman, C. J.
We are of opinion that by the constitution and the act of assembly of February 19, 1852, for the organization of the courts, ample power was given to this court to review a judgment of the late Supreme Court upon the circuit.
But a question arises whether the writ of error, for that purpose, could be issued after one year from the rendition of the judgment. The act allowing writs of error to the court in bank, required them to be sued out within that period. If that limitation applies to this court, the motion to dismiss the writ, in this case, must be sustained, as it was not issued within the prescribed time.
In Shepler v. Dewey, 1 Ohio St. 331, it was held that the power to issue a writ of error in a civil case, was referable rather to the provisions of the 18th, than to those of the 4th section of the act organizing the courts. So much of the 18th section as it is necessary to quote here, is as follows: “ All process and remedies authorized by the laws of this state, when the present constitution took effect, may be had and resorted to, in the courts of the proper jurisdiction, under the present constitution.”
The remedy, under the former constitution, in a case like this, *578 was by writ of error sued out within a year. A majority of the court are of opinion that the legislature, by the act above cited, and the amendatory act of April 30, 1852, intended to give no larger remedy, and that therefore, the one year limitation does apply to this court. If this were not so, it would be questionable whether there is any limitation at all.
Let the writ be quashed.